IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

NORA SMITH

    Plaintiff,

       v.                        CIVIL NO.: WDQ-10-1806

HOUSING AUTHORITY OF
BALTIMORE CITY,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Nora Smith brought a garnishment proceeding against the Housing Authority of Baltimore City ("HABC") in state court. For the following reasons, Smith's motion to remand will be denied, and the United States Department of Housing and Urban Development's ("HUD's") motion to quash the writ of garnishment will be granted.

I. Background[1]

On May 23, 2000, Nora Smith sued the HABC for her son's lead paint poisoning. Notice of Removal ¶ 1. In March 2002, a jury in the Circuit Court for Baltimore City awarded Smith a $630,000.00 verdict. *Id.*[2] On June 2, 2010, the Clerk of the

---

[1] The facts are not in dispute.

[2] The Circuit Court for Baltimore City reduced the judgment to zero, finding that HABC had sovereign immunity under *Jackson v. Housing Opportunities Comm'n*, 289 Md. 118 (1980). Notice of

Court for the Circuit Court for Baltimore City issued a writ of garnishment for $1,144,500.00—Smith's judgment plus interest—on HABC's accounts at Bank of America. Govt's Mot. to Intervene, Ex. B.

On July 7, 2010, HUD removed the case to this Court and filed a motion to quash the writ of garnishment. ECF Nos. 1 & 2. On July 23, 2010, Smith filed her motion to remand. ECF No. 8. On August 20, 2010, HUD moved to intervene. ECF No. 12.

## II. Analysis

### A. Motion to Remand

Smith argues that removal was improper because this Court lacks original jurisdiction over this case. Pl.'s Mot. to Remand 2-3. HUD argues that removal is proper under 28 U.S.C. § 1442 (a)(1). Govt's Opp'n Mot. to Remand 1.

"[A] party seeking to adjudicate a matter in federal court must allege, and when challenged, must demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT&T Mobility, LLC,* 530 F.3d 293, 296 (4th Cir. 2008). If federal jurisdiction is "doubtful," remand to state court is necessary. *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir. 2004) (*quoting Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th

---

Removal ¶ 1. After the Maryland Court of Appeals reversed *Jackson* in November 2009, the Circuit Court for Baltimore City reinstated the judgment in Smith's case. *Id.*

Cir. 1994)). It is HUD's burden to demonstrate that removal was proper.

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), permits removal of actions against the United States, its agencies, and its officers.[3] The statute "is broad and allows for removal when its elements are met 'regardless of whether the suit could originally have been brought in federal court.'" *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 (6th Cir. 2007)(*quoting Willingham v. Morgan*, 395 U.S. 402, 406 (1969)). Its "basic purpose is to protect the federal government from [state] interference with its operations." *Watson v. Phillip Morris Co.*, 551 U.S. 142, 142 (2007) (internal quotation marks omitted). To show that the removal was proper, HUD must demonstrate that: (1) the garnishment is a "civil action," (2) which was "commenced . . . against" it. 28 U.S.C. §

---

[3] (a) A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

28 U.S.C. § 1442(a).

1442(a)(1)l; *City of Cookeville,* 484 F.3d at 389 (United States and its agencies may remove without regard to whether the suit is against them in "an official or individual capacity for any act under color of such office.").

    1.   The Garnishment Proceeding

A state garnishment proceeding is a "civil action" which may be removed under § 1442(a)(1) if the statute's other requirements are met. *See, e.g., Nationwide Investors v. Miller,* 793 F.2d 1044, 1045 (9th Cir. 1986)(state garnishment proceeding to which federal officer was summoned was removable under § 1442(a)(1)); *Kordus v. Biomark Int'l, LLC,* 224 F.R.D. 590, 593 (D. Del. 2004)(allowing removal of garnishment action against United States which sought to obtain judgment debtor's property seized by the government in civil forfeiture action). Section 1442(a)'s first requirement is met.

The Supreme Court has instructed courts to avoid "a narrow, grudging interpretation" of § 1442(a). *Willingham,* 395 U.S. at 407. Instead, the phrase "commenced against" should be construed with respect to the statute's purpose of protecting the federal government from state interference with its operations. *See Nationwide,* 793 F.2d at 1047. The statute should be interpreted to provide the government with federal forum when a ruling of significant "potential federal impact [is] at stake." *Id.*

A garnishment action may be "commenced against" a federal agency for § 1442(a) purposes even if the agency is not named as a defendant or garnishee. *Nationwide,* 793 F.2d at 1046. It is enough that the federal government is "threatened with the state's coercive power." *Id.* When the "consequences [to the federal government] are sufficiently real," the case fits under the "broad category" of removable actions. *Id.* A case is removable when the plaintiff seeks to garnish or attach federal funds that are held in the named defendant's bank account.[4] Funds "governed by pervasive federal legislation and regulations which specif[y] the purposes for which the funds [may] be used" are federal. *Palmiter,* 733 F.2d at 1247

---

[4] *See Palmiter v. Action, Inc.,* 733 F.2d 1244, 1245-46 (7th Cir. 1984)(United States was "the real party in interest" in garnishment proceeding to secure tort judgment against non-profit organization when garnishment was directed at federal Head Start funds in organization's account). Federal funds held by a grantee remain the property of the federal government until they are expended in accordance with the terms of the grant, *Buchanan v. Alexander,* 45 U.S. (4 How) 20, 20-21, 11 L.Ed 857 (1846), and although the federal government may not be a named party, a garnishment operating against those funds "threaten[s it] with the state's coercive power." *See Nationwide,* 793 F.2d at 1046. Federal funds "are specifically appropriated to certain national objects, and if such appropriations may be diverted and defeated by State process . . . the functions of the government may be suspended." *Buchanan,* 45 U.S. 20-21. In deciding whether dispensed funds remain federal, courts may consider "whether the funds were dispensed according to conditions, whether the United States retains a reversionary interest in the funds, and whether the United States employs accountability procedures to ensure that the grants are . . . spent as directed." *United States Dep't of Housing and Urban Dev. v. K. Capolino Const. Corp.,* 2001 WL 487436, at *4. (S.D.N.Y. May 7, 2010).

5

Here, the Notice of Removal alleges that "[t]he funds held in the HABC Bank of America account and sought to be garnished . . . are federal funds deposited by HUD" that are "subject to federal rules and regulations and subject to HUD's control." Notice of Removal ¶ 3. HUD has produced a letter from H. Rainbow Lin, HABC's chief financial officer, stating that all HBAC Bank of America accounts "except for the Discretionary Income Funds Checking (account ending 8354) and the Expert Pay MD Child Support (account ending 2752), contain federal funds." Govt's Mot. to Quash, Ex. J.

HUD has demonstrated that the funds—dispersed to HABC—are subject to "pervasive" federal regulation and supervision. *Palmiter,* 733 F.2d at 1247. HABC receives HUD funding under Section 9 of the United States Housing Act of 1937, which defines the purpose of the funds as carrying out "capital and management activities" and "operation and management of public housing." 42 U.S.C. § 1437g (d)-(e). Applicable regulations govern how HABC may handle the funds and require that it "submit an acceptable audit" of the funds. 24 C.F.R. § 990.320. The regulations give HUD a reversionary interest in some of the funds. 24 C.F.R. § 905.120 (e).[5]

---

[5] "Any obligation entered into by a [public housing authority] is subject to HUD's right to recapture the obligated amounts for violation by the [public housing authority] of the requirements of this section." 24 C.F.R. § 905.120 (e). The annual contribu-

In short, although the HUD funds may be in HABC's bank accounts, they remain federal. The writ of garnishment, operating against those funds is a civil action "commenced against" HUD for § 1442 purposes. The requirements of § 1442(a) are met, and original jurisdiction is not required for this Court to hear the case. *Willingham,* 395 U.S. at 406 (the statue allows removal "regardless of whether the suit could originally have been brought in federal court"). Smith's motion to remand will be denied.[6]

---

tions contracts ("ACCs") under which HUD distributes the funds to the HABC further restrict their use and require that HABC maintain records "identify[ing] the sources and application of funds in such a manner as to allow HUD to determine that all funds are and have been expended in accordance with each specific program regulations and requirements." Govt's Mot. to Quash, Ex. D. at § 4; Ex. E. If the funds are not spent as directed, HUD may require HABC to "convey to [it] title to the project(s)" or "deliver possession and control of the project(s)." *Id.*, Ex. D. at § 17.

[6] HUD's unopposed motion to intervene will also be granted. The United States may properly intervene when it claims a property interest in funds at stake in the litigation. *See Henry v. First Nat'l Bank,* 595 F.2d 291, 307 (5th Cir. 1979) (district court properly granted government's motion to intervene when government "claim[ed] that its property interest in all funds granted to [the defendant] could not be subjected to judicial process in the . . . state courts").

7

B. Motion to Quash

HUD argues that the writ of garnishment should be quashed because the federal funds may not be used to satisfy Smith's judgment. Govt's Mot. to Quash 3.

Absent consent of the federal government, sovereign immunity prevents a judgment creditor from garnishing or attaching federal funds. *See Buchanan,* 45 U.S. at 20-21. The judgment creditor bears the burden of proving that funds sought are either not federal, or have been finally expended for their statutory purpose. *See Palmiter,* 733 F.2d at 1248; *Cf. Flatow v. Islamic Republic of Iran,* 67 F. Supp. 2d 535, 540 (D. Md. 1999). Otherwise, unless the creditor identifies some waiver of immunity, the case must be dismissed for lack of jurisdiction. *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994); *Williams v. United States,* 50 F.3d 299, 304 (4th Cir. 1995).

Smith has not challenged HUD's evidence that the funds she seeks are federal, nor does she argue that the funds have been finally expended. Smith has not identified any waiver of HUD's sovereign immunity from garnishment. Accordingly, HUD's motion to quash must be granted, and the action must be dismissed.

III.  Conclusion

For the reasons stated above, Smith's motion to remand will be denied, and HUD's motion to quash will be granted.[7]

January 21, 2011 　　　　　　　　　　　　　　_____/s/_____
Date 　　　　　　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[7]  HUD's unopposed motion to seal will also be granted.